Filed 12/22/15  Choy v. Robertson CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RAYMOND CHOY,<br><br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>CAROLE ROBERTSON et al.,<br><br>　　　　Defendants and Respondents. | A142575<br><br>(City & County of San Francisco<br>　Super. Ct. No. CGC-11-511137) |

　　　　This appeal arises out of a commercial lease and concerns a claim that the tenants, defendants Carole and Eugene Robertson, removed property belonging to the landlord, plaintiff Raymond Choy, at the conclusion of the lease.  Following a court trial, judgment was entered in favor of defendants.  On appeal, plaintiff contends the court erred as a matter of law in concluding that the defendants owned the items removed from the leased premises.  Because there is no statement of decision and plaintiff chose to proceed without a record of the oral proceedings at trial, we lack a record adequate to assess plaintiff's contention.  Accordingly, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

　　　　Defendants previously sued plaintiff, their landlord, for interfering with the sale of their bar, which was located at the leased premises.  The original action was tried to a jury in Lake County in 2011.

　　　　While the original action was still pending, plaintiff filed his own lawsuit in propria persona against defendants in Lake County.  Plaintiff's lawsuit, which is the subject of this appeal, was transferred to San Francisco in 2011.  Plaintiff's complaint

1

includes causes of action entitled letter of extortion, frivolous lawsuit, theft, fraud, and property restoration. The gravamen of the theft and property restoration causes of action is that defendants removed fixtures from the leased premises—i.e., the bar—without plaintiff's consent when they vacated the premises at the termination of the lease.

The matter proceeded to a court trial limited to the issue of whether defendants had wrongfully removed fixtures from the leased premises without plaintiff's permission. At the conclusion of the trial, the court found in favor of defendants. The court's minute order states: "Plaintiff shall take nothing by way of the complaint. There is nothing in the lease that requires the tenant to seek permission to remove the tenant's property." After the court entered judgment in favor of defendants, plaintiff filed a timely notice of appeal. Plaintiff chose to proceed on appeal without a record of the oral proceedings in the trial court.

## DISCUSSION

On appeal, plaintiff contends that the trial court's decision on the ownership of fixtures was incorrect as a matter of law. He claims that the parties' lease clearly establishes that any property affixed to the leased premises, whether installed by the tenant or the landlord, became the property of the landlord.

In the absence of a reporter's transcript or other record of the oral proceedings in the trial court, the appeal is treated as an appeal on the judgment roll. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082–1083.) On such an appeal, the evidence is conclusively presumed to support the trial court's findings. (*Nielson v. Gibson* (2009) 178 Cal.App.4th 318, 324.) This court's review is necessarily "limited to determining whether any error 'appears on the face of the record.' " (*Id.* at pp. 324–325.)

In addition to the fact that this is a judgment roll appeal, there is no statement of decision. There are two consequences resulting from a failure to request a statement of decision. "First, the party waives any objection to the trial court's failure to make all findings necessary to support its decision. Second, the appellate court applies the doctrine of implied findings and presumes the trial court made all necessary findings supported by substantial evidence. [Citations.] This doctrine 'is a natural and logical

2

corollary to three fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error.' " (*Acquire II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 970.)

Plaintiff argues that error is shown on the face of the record because the trial court's legal conclusion about ownership of fixtures is inconsistent with the terms of the parties' lease. The parties stipulated at trial that two provisions of the lease—paragraphs 11 and 47—bear upon the issue of removing fixtures. Paragraph 11 provides in relevant part: "All alterations, additions, fixtures and improvements, whether temporary or permanent in character, made in or upon the premises either by Tenant or Landlord *(other than furnishings, trade fixtures and equipment installed by Tenant)*, shall be Landlord's property and, at the end of the term hereof, shall remain on the premises without compensation to Tenant; provided that, if Landlord so requests, Tenant shall remove all such alterations, fixtures and improvements from the premises and return the premises to the condition in which they were delivered to Tenant." (Italics added.) Paragraph 47 concerns the surrender of the premises and provides in relevant part: "Tenant, during the last thirty (30) days of such term shall remove all its trade fixtures . . . ."

The lease terms are plain. They give the landlord ownership of all fixtures "other than furnishings, trade fixtures and equipment installed by Tenant." The tenant has the responsibility to remove its trade fixtures before the lease term expires. The lease terms are consistent with the court's conclusion that "nothing in the lease . . . requires the tenant to seek permission to remove the tenant's property." Nothing in paragraphs 11 or 47 of the lease requires the tenant to secure the landlord's permission before removing the tenant's own property and trade fixtures. Accordingly, we reject plaintiff's contention that the trial court's legal conclusion is incorrect as a matter of law.

Plaintiff's real complaint appears to be that items removed by defendants did not qualify as trade fixtures and thus were not the defendants' property. He asserts that "the bar, back bar, sinks, beer cases and light fixtures" do not fit the legal definition of trade fixtures and were plaintiff's property under the lease.

The problem with plaintiff's argument is that we do not have a record of the trial. We do not know what oral testimony was presented to the court. Plaintiff relies on defendants' trial brief as the basis for his factual assertions and goes so far as to state that the "factual events can be taken from Defendants' trial brief . . . ." However, a party's trial brief is not evidence and does not substitute for a record of what transpired at trial. Consequently, we have no evidentiary basis to conclude that defendants took anything from the leased premises, much less property belonging to plaintiff.

The trial court impliedly found that defendants removed nothing more than "furnishings, trade fixtures and equipment" that they owned. In the absence of a record of the oral proceedings at trial or a statement of decision, we are in no position to conclude otherwise.

In light of our conclusion, it is unnecessary to address plaintiff's contention that rulings in the earlier, Lake County action did not have res judicata effect that would preclude him from pursuing his claims in this action.

## DISPOSITION

The judgment is affirmed. Defendants shall be entitled to recover their costs on appeal.

_____
McGuiness, P.J.

We concur:

_____
Pollak, J.

_____
Siggins, J.

A142575

5